|  | UNITED STATES DISTRICT COURT | JS-6 |
|---|---|---|
|  | CENTRAL DISTRICT OF CALIFORNIA |  |
|  | CIVIL MINUTES - GENERAL |  |

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|

| Title | *John Ho v. World Oil Corp.* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. Introduction

Plaintiff John Ho filed ADA claims against Defendant World Oil Corp. ECF No. 1. The Court held a bench trial on Plaintiff's claims on July 22, 2025. ECF No. 59. After considering the arguments and evidence presented at trial, the Court finds, for the following reasons, that Plaintiff does not have standing to bring his ADA claims. His claims are therefore dismissed.

### II. Legal Standard

In a bench trial, the Court is required to make factual findings and conclusions of law. Fed. R. Civ. P. 52(a). It must state such findings and conclusions either on the record or in "an opinion or memorandum decision." *Id.*

This opinion provides the required findings of fact and conclusions of law for Plaintiff's ADA claim against Defendant. Any finding of fact that actually constitutes a conclusion of law is adopted as such, and vice-versa.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|

| Title | *John Ho v. World Oil Corp.* |
|---|---|

### III. Findings of Fact

The Court's factual findings are not a comprehensive summary of all the evidence presented at trial. Rather, the Court's findings represent the factual findings the Court considered and relied on when making its ruling. So if the parties presented evidence regarding an issue the Court did not reach, the Court will not make factual findings regarding that evidence.

With that said, the Court makes the following factual findings relevant to its ruling:

1. Defendant World Oil owns a gas station (the "Property") located at 3401 Newport Blvd., Newport Beach, CA 92663.

2. The Property is located near the 55 freeway, a route that many people take when traveling south to Newport Beach, California.

3. The Property does not provide any accessible parking spaces.

4. Before March 2025, the Property did not provide any marked parking at all.

5. In March 2025, Defendant installed one employee parking space, which was marked "EMPLOYEE PARKING ONLY."

6. Plaintiff is paralyzed from the waist down and uses a wheelchair to travel at all times.

7. Plaintiff lives in El Monte, CA.

8. Plaintiff testified at trial that he often travels from his home in El Monte to Balboa Island, which lies to the south of El Monte, past Newport Beach.

:

Initials of Preparer          DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|
| Title | *John Ho v. World Oil Corp.* | | |

9. When traveling from El Monte to Balboa Island, there is at least one route of travel that passes by the Property.

10. That route passes by several other stores as well. For example, just past the Property is a grocery store called Pavilions. There is also a CVS near the Property, which is also on the way from El Monte to the Balboa Island.

11. At trial, Plaintiff testified that the CVS and the Pavilions near the Property provide accessible parking. This is consistent with CVS and Pavilions stores generally, which almost always provide parking, including accessible parking.

12. On January 30, 2024, Plaintiff traveled to the Property. He parked his car in an unmarked area and went inside of the gas station, where he bought a water bottle for $1.90. Plaintiff did not buy gas.

13. On February 2, 2025, Plaintiff returned to the Property. He again bought a bottle of water, this time for $1.50. He did not buy gas.

14. Plaintiff filed the operative complaint in this case—his first amended complaint—on February 19, 2025. He alleged that Defendant violated the ADA by failing to provide an accessible parking space.

15. Plaintiff returned to the Property three times in July 2025: on July 17, 19, and 20. He went there to take pictures of the Property for use in this litigation.

:

Initials of Preparer    DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|
| Title | *John Ho v. World Oil Corp.* | | |

**IV.  Conclusions of Law**

**A.  Plaintiff does not have standing to pursue his ADA claims.**

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). In ADA cases, where the plaintiff's subject matter jurisdiction is "premised on federal-question jurisdiction," "[j]urisdictional dismissals" are limited to "exceptional" cases. *Sun Valley Gasoline, Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983). In the ADA context, federal courts must "take a broad view of constitutional standing" because "private enforcement suits 'are the primary method of obtaining compliance.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (quoting *Trafficante v. Metro. Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

Normally, standing requires three elements: (1) an "injury in fact;" (2) a causal connection between the injury and the defendant's conduct; and (3) the "likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). But where, as here, a plaintiff seeks injunctive relief, there are additional requirements to establish standing, as "past exposure to illegal conduct does not in itself show a present case or controversy." *C.R. Educ. & Enf't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093, 1098 (9th Cir. 2017) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Accordingly, for injunctive relief, "the plaintiff must allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* (quoting *Lyons*, 461 U.S. at 102).

In the ADA context, to allege standing to pursue injunctive relief—"which is the only relief available to private plaintiffs under the ADA"—Plaintiff must prove: (1) that "he intends to return" to the Property; or (2) that he is "deterred from visiting" the Property. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011). In other words, "a disabled plaintiff must not sue a business for injunctive relief simply because an ADA violation exists. Instead, a plaintiff—even a 'tester' plaintiff—must allege sufficient facts to show an intent to return or that 'a defendant's failure to comply with the ADA deters [him] from making use of the defendant's facility.'" *Johnson v. JKLM Props., L.L.C.*, No.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|
| Title | *John Ho v. World Oil Corp.* | | |

5:20-cv-01078, 2020 WL 5517234, at *4 (N.D. Cal. Sept. 14, 2020) (citing *Chapman*, 631 F.3d at 949; *C.R. Educ.*, 867 F.3d at 1098).

Importantly, standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). So, "at trial the plaintiff . . . must prove the allegations [of standing] in order to prevail." *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 64-66 (1987).

At the pleading stage, Plaintiff alleged he intended to return to the Property but was deterred by the lack of accessible parking. The Court accepted that allegations as true, as it was required to do. But at trial, allegations are not enough. Plaintiff must prove standing through the presentation of evidence. For the following reasons, the Court finds he failed to do so.

To begin with, Plaintiff's trial declaration never states that he intends to return to the Property or that he is deterred from doing so. At most, he claims, "I enjoy patronizing that particular gas station as it is conveniently located." Pl. Trial Decl. ¶ 3, ECF No. 55-1. But enjoying a gas station is not the same as expressing a desire to return—let alone being deterred from doing so by an alleged ADA violation. That gap is critical, and Plaintiff fails to bridge it.

To be sure, in support of his summary judgment motion, Plaintiff explicitly stated that he was deterred from returning to the Property due to the lack of accessible parking. Pl. Decl. iso. of Summ. J. ¶ 5, ECF No. 34-2 ("There have been many times when I wished to visit and patronize the gas station on my way to Newport Beach, but did not because I know it is not accessible."). Although evidence submitted at summary judgment is not automatically part of the trial record, Defendant introduced Plaintiff's declaration as a trial exhibit, so the Court considers it.

Even so, the Court does not find Plaintiff's testimony credible. His story was inconsistent and illogical. And more broadly, Plaintiff lacked credibility—cross-examination revealed several

:

Initials of Preparer   DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|
| Title | *John Ho v. World Oil Corp.* | | |

misstatements in his declarations. For these reasons, discussed further below, the Court finds that Plaintiff failed to establish standing at trial.

### i. Plaintiff's narrative in support of standing was implausible.

To start, Plaintiff's testimony was not credible because his story did not make sense. He testified that he likes to stop at the Property—a gas station—while driving from his home in El Monte to Balboa Island, as it is on the way. But when he stops, he doesn't buy gas. Instead, he picks up a snack or a bottle of water, then continues driving another ten to fifteen minutes to catch the ferry to Balboa Island. He says he's done this four or five times over the past ten years. Then, in January 2024, he visited the Property, filed this ADA lawsuit, and now claims he is deterred from returning.

While this story could seem plausible at first glance, it breaks under closer scrutiny. Plaintiff claims that the lack of accessible parking deters him from returning to the Property. But by his own account, the Property has lacked accessible parking for at least the past ten years, during which he visited multiple times. If the absence of accessible parking truly deters him now, why didn't it stop him from visiting before?

It is not like the Property was the only place Plaintiff could stop to buy snacks and water. Just down the street there's a CVS that sells both those things. A CVS that Plaintiff admitted provided accessible parking. So not only did Plaintiff consistently choose to return to the Property—which never had accessible parking—over the past ten years, but he did so despite the availability of safer, just as convenient options down the street.

All this to say, the Property's lack of accessible parking did not deter Plaintiff over the past ten years. It is only now, after filing this lawsuit, that Plaintiff suddenly is too deterred to return. Plaintiff offers no explanation for this sudden change in behavior, undermining the credibility of his claimed deterrence.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|
| Title | *John Ho v. World Oil Corp.* | | |

The inconsistencies in Plaintiff's story do not end there. Plaintiff said he's been to the Property four or five times on the way to Balboa Island, but why? He does not stop for gas; he stops for snacks and water. But why stop at a gas station without accessible parking—a condition Plaintiff claims poses a serious danger—instead of a CVS down the street that does provide accessible parking? It does not add up.

In fact, why stop on the way to the Balboa Island ferry at all? The Property is only ten to fifteen minutes away from the ferry to Balboa Island, and Plaintiff acknowledged that there are plenty of convenient places adjacent to the ferry to buy snacks and water. He could have easily parked in the ferry's parking lot—which almost certainly includes accessible parking—and purchased snacks and water there. That would have been safer and more logical, especially given his testimony that parking can be dangerous due to his disabilities. Parking once at the ferry, rather than twice (first at the Property and then again at the ferry) would have reduced risk and inconvenience. Plaintiff's claim that he instead chose to stop at the Property—where he allegedly faced serious risk by parking in a non-accessible space—is yet another inconsistency in his story.

### ii.    Plaintiff testimony included many misrepresentations.

Plaintiff made several misrepresentations at trial that seriously undermine his credibility. In his trial declaration, he declared that "[a]ttached hereto as **EXHIBIT A** is a true and correct copy of my disabled placard." Pl. Trial Decl. ¶ 2. He similarly represented that Exhibits B through E are attached to his declaration, and that they are true and correct copies of various photographs. *Id.* ¶¶ 5, 9, 10. He made these representations "under penalty of perjury." *Id.* ¶ 12.

But they were not true. Plaintiff's declaration did not attach any exhibits. *See id.* Put simply, he lied in his declaration.

When questioned about the missing exhibits on cross-examination, Plaintiff testified that he could not recall whether he reviewed them before signing his declaration. But he signed that declaration just one

:

Initials of Preparer         DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|
| Title | *John Ho v. World Oil Corp.* | | |

day before trial. It is not credible that he would forget, within twenty-four hours, whether he reviewed five exhibits he swore were attached. He either reviewed them or he did not—that is not he kind of detail one plausibly forgets overnight. Plaintiff's claim of memory loss is itself not believable and further undermines his credibility before the Court.

Plaintiff made more misrepresentations. In his declaration in support of his summary judgment motion, Plaintiff declared under penalty of perjury that "Attached hereto as Exhibit B and C are a true and correct copy of the photographs I took during my visit to the Property[.]" Decl. of John Ho iso. of Mot. for Summ. J. ("Ho Summ. J. Decl.") ¶ 4, ECF No. 34-2. But this was not fully true. Exhibit C contained a photograph of a blue sign reading "ADA Upgrade Work in Progress" that was plainly of a different property than the one at issue. *See* ECF No. 34-5 at 4. This is apparent when viewing the photo in Exhibit C alongside a Google Streetview image of the Property.




Incredibly, Plaintiff submitted the same photo as an exhibit at trial. ECF No. 55-4. And he made the same false representation in his trial declaration. He declared that the photo was "a true and correct copy of the photographs I took during my visit to the Property[.]" Pl. Trial Decl. ¶ 5.

When asked about this on cross-examination, Plaintiff claimed he submitted the photograph by mistake. But that explanation is not credible. Defendant specifically identified the photograph as inaccurate in its opposition to Plaintiff's summary judgment briefing, meaning Plaintiff had notice of his

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer |  | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|

| Title | *John Ho v. World Oil Corp.* |
|---|---|

error. Yet Plaintiff did not correct the mistake in his reply brief, nor did he replace the photo. Instead, he submitted the same inaccurate photograph again at trial, accompanied by another sworn statement attesting to its authenticity. Submitting the wrong photograph once may be a mistake. Submitting it twice suggests intent.

In sum, given the implausibility of Plaintiff's narrative in support of standing and the many misrepresentations he made to the Court, the Court does not find it credible that Plaintiff visited the Property four or five times over the past ten years. It is more likely that he went to the Property for the first time in 2024 solely to look for ADA violations. This aligns more closely with Plaintiff's extensive litigation history, as he has filed over 100 ADA lawsuits. *See Vogel v. Sym Props., LLC*, No. 15-cv-09855, 2017 WL 4586348, at *6 (C.D. Cal. Aug. 4, 2017) ("Plaintiff's litigation history, coupled with a contradictory factual record, raises serious credibility questions and calls into question Plaintiff's stated purpose for visiting the [store].").[1]

To be sure, "tester plaintiffs" may bring ADA claims. But even testers must show they were deterred from returning or had a genuine intent to return in order to establish standing. *See Johnson v. JKLM Props., L.L.C.*, No. 5:20-cv-01078, 2020 WL 5517234, at *4 (N.D. Cal. Sept. 14, 2020) (citing *Chapman*, 631 F.3d at 949) ("[E]ven a 'tester' plaintiff must allege sufficient facts to show an intent to return or that a defendant's failure to comply with the ADA deters her from making use of the defendant's facility.").

Ultimately, Plaintiff's true motivations for visiting the Property are beside the point. Regardless of whether he is a tester plaintiff, he failed to meet his burden of proof: he did not present credible evidence showing either an intent to return to the Property or that he is deterred from doing so. In other words, the Court finds that Plaintiff failed to prove by a preponderance of the evidence that he has standing to bring

---

[1] To be clear, the Court does not find that Plaintiff is not credible simply because he has a history of filing ADA lawsuits. The Court finds Plaintiff not credible because his narrative in support of standing was implausible, and he made several misrepresentations to the Court.

:

Initials of Preparer     DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 8:25-cv-00069-SVW | Date | August 7, 2025 |
|---|---|---|---|
| Title | *John Ho v. World Oil Corp.* | | |

his claims. *See Chapman*, 631 F.3d at 950 (explaining that standing to pursue injunctive relief under the ADA requires that the plaintiff "intends to return to a noncompliant accommodation" or that "discriminatory architectural barriers deter him from returning").

**V.    Conclusion**

For the foregoing reasons, the Court lacks jurisdiction to hear Plaintiff's ADA claim and therefore his case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED.**

:

Initials of Preparer          DT